1816.

FERGUSON
v.
SMITH.

[ * 139 ]          *FERGUSON *against* SMITH and others.

The service of a *subpœna* on the husband alone is good against both husband and wife, and he must answer for both ; but if the plaintiff seeks relief out of the separate estate of the wife, the service must be also on her, and she may put in her separate answer.

*April* 23d.

MOTION by *Garr*, for the defendant *Juliana Smith*, to set aside a decretal order for the sale of mortgaged premises, and under which a sale had been made, but no conveyance executed. The affidavit stated, that subsequent to the giving of the mortgage to *Marks*, the premises had been conveyed to her with the assent of her husband, and that the equity of redemption was in her ; that she had not been served with a *subpœna* to appear, and that her husband had now absconded and left her, and that she was willing to redeem the premises by paying off the mortgage debt, and bringing the money into Court.

*J. Strong*, contra, showed by affidavit, that the process was served on the husband, and that it was understood, and so charged in the bill, that the deed from *Marks* was taken in the wife's name, to secure the property from her husband's creditors, and that the purchase money was paid out of his property.

THE CHANCELLOR. The general rule is, that the service of a *subpœna* against husband and wife on the husband alone, is a good service on both, and the reason is, that the husband and wife are one person in law, and the husband is bound to answer for both. (*Wyatt's Pr. Reg.* 402, 403. *Gilbert's For. Rom.* 41, 42. 1 *Harris. Ch. Practice*, 207.) But where the plaintiff is seeking relief out of the separate estate of the wife, it has been deemed necessary, in a late case, (9 *Vesey*, 110

488.) that the wife should be served. Here *the right of redemption is exclusively in the wife, and her husband has absconded; she asks only for an opportunity to redeem, and I think it ought to be granted. If she had alleged any defence, I should have been also inclined to have granted her leave to put in a separate answer, but she admits the demand, and only asks for leave to redeem the mortgage.

The motion is granted, on her bringing into Court, in four weeks, the debt and interest, together with the costs accrued prior to the decretal order of sale.